IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LINDA HAMILTON,<br>  Plaintiff, | ) <br> ) <br> ) |
| vs. | ) <br> )    No. 08 CV 1222-JTM-DWB |
| MEDITERRANEAN GRILL, L.L.C.,<br>  Defendant. | ) <br> ) <br> ) <br> ) |

## STIPULATION FOR SETTLEMENT

**IT IS HEREBY** stipulated and agreed by and between Plaintiff, Linda Hamilton (hereinafter sometimes referred to as "Plaintiff") and Defendant Mediterranean Grill, L.L.C. (hereinafter sometimes referred to as "Defendant") as follows:

**WHEREAS**, Plaintiff filed this action against Defendant for its alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181, *et seq.* ("ADA"), pursuant to which Plaintiff sought a permanent injunction and attorney's fees, expenses and costs;

**WHEREAS**, subject to the terms set forth herein, Plaintiff and Defendant have agreed to finally resolve any and all claims and disputes by and between them; and

**WHEREAS**, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties hereto, intending to be legally bound hereby, agree to the following terms and conditions as a full and complete settlement of this action:

**I.    ALTERATIONS AND IMPROVEMENTS**. Defendant agrees to make the following modifications and alterations at the Mediterranean Grill that is the subject of this action and which is located at 335 South Towne East Drive, Wichita, Kansas (hereinafter referred to as the "Restaurant").

A.    PARKING AND INITIAL ACCESS

    i.    The Defendant shall provide or cause to be provided no less than two (2) accessible parking spaces in the parking lot, as described in more particular detail in the following paragraphs, which shall comply with the following:

    a.    The accessible parking spaces shall conform with §4.1.2(5) of Appendix A to 28 CFR part 36 (hereinafter referred to as the "ADAAG") 7-1-94 Edition.

    b.    The accessible parking spaces shall be marked with appropriate signs that shall comply with §§4.6.4 and 4.30.7 of the ADAAG. The signs shall be mounted or remounted, as necessary, so that they are visible over parked vehicles (i.e. mounted so that the bottom edge of each sign is no less than 84 inches above the ground).

    c.    The ground slope at the accessible parking spaces and access aisles shall be no greater than two percent (2%) in any direction.

    d.    The accessible parking spaces shall be at least eleven (11) feet wide with an adjacent five (5) foot wide striped access aisle (which may be shared between two accessible parking spaces) in accordance with §4.6 of the ADAAG and Wichita Ordinance. No. 47-871.

    e.    The accessible parking spaces shall be conspicuously outlined, in blue paint, and shall be posted and maintained with a permanent, above-grade sign bearing the international symbol of accessibility.

    f.    A path of access from the accessible parking spaces to the Restaurant entrance shall be in compliance with the provisions of §§ 4.5.2, 4.3.3 and 4.1.6 of the ADAAG. Toward that end, Defendant shall ensure there is a curb ramp that fully complies

2

with §4.7 of the ADAAG providing access to the Restaurant's entrance from the accessible parking spaces that cannot be blocked by parked vehicles and does not require individuals with disabilities parked in the accessible parking spaces to be provided in accordance with this agreement to travel behind parked vehicles (other than their own).

ii.   Defendant shall relocate or cause to be relocated the accessible parking spaces to the north side of the Restaurant to comply with Paragraph I(A)(i)(c), above.

iii.   Defendant shall provide or cause to be provided parking bumpers or cement wheelstops to provide a minimum 36-inch wide accessible path of travel in front of parked vehicles along the accessible route from the accessible parking spaces to the Restaurant entrance.

**B.    INTERIOR ISSUES**

i.   Defendant shall equip the entry door with loop-style hardware that does not require tight grasping, pinching or twisting of the wrist to operate in compliance with §4.27.4 of the ADAAG.

ii.   Defendant shall remove the interior entry/vestibule door.

iii.   <u>Bar Area:</u>     Defendant shall lower a potion of the bar that is 60 inches long and not more than 34 inches in height.  In lieu of lowering a portion of the bar, Defendant may provide an accessible table within the bar area. The accessible table shall provide clear space underneath of no less than 19 inches of depth, 30 inches of width and 27 inches of knee clearance with a tabletop which is not higher than 34 inches above the finished floor and which shall be located on an accessible route from the accessible entrance, toilet rooms and other accessible public elements in compliance with §4.32 and Figure 45 of the ADAAG.

iv.   <u>Patio Dining:</u> Defendant shall provide an accessible threshold at the entrance to the patio dining area by ensuring that the threshold is beveled

3

and does not exceed ½-inch in compliance with §4.13.8 of the ADAAG.

C. **TOILET ROOMS**

    i.    Defendant shall post signage containing the international symbol of accessibility, raised characters and Braille at the men's and women's toilet rooms. Said signage shall be posted on the nearest adjacent wall to the toilet room entrance door at a height of 60 inches above the finished floor to the centerline of the sign and shall fully comply with § 4.30 of the ADAAG.

    ii.    Defendant shall provide a lockable door that fully complies with §4.13.11(2)(b) of the ADAAG at the men's and women's toilet room entry doors. To the extent permitted, the doors will not have closers. If a closing device is required, then they will be equipped with spring hinges or similar device that requires the least amount of opening force possible.

    iii.    Defendant shall lower the mirror in the men's and women's toilet rooms to ensure that the lowest reflective edge is no greater than 40 inches above the finished floor in compliance with §4.19.6 of the ADAAG.

    iv.    Defendant shall ensure that the hot water and drain pipes under the lavatories in both the men's and women's toilet rooms are insulated or otherwise configured to protect against direct contact, and no sharp or abrasive surfaces shall be located or exposed under the lavatories, as prescribed by §4.19.4 of the ADAAG.

    v.    <u>Men's Toilet Room:</u> Defendant shall remove the urinal and partitionsl to become a standard accessible toilet fully compliant with the ADAAG. Defendant shall ensure that the centerline of the water closet is 18 inches from the sidewall of the accessible toilet. Defendant shall provide a 36-inch rear grab bar and a 42-inch side grab bar at the accessible water closet and shall ensure that said grab bars are mounted in compliance with Figure 30(d) of the ADAAG.

    vi.    <u>Women's Toilet Room:</u>    Defendant shall remove the toilet nearest

4

the entrance and shall remove the remaining partition so as to be a standard accessible toilet fully compliant with the ADAAG. Defendant shall ensure that the centerline of the water closet is 18 inches from the sidewall of the accessible toilet. The accessible toilet shall be a minimum of 60 inches in width and 56 inches deep if a wall-mounted water closet is provides and 59 inches deep if a floor-mounted water closet is provided. Defendant shall provide a 36-inch rear grab bar and a 42-inch side grab bar at the accessible water closet and shall ensure that said grab bars are mounted in compliance with Figures 30(c) and 30(d) of the ADAAG.

## II.    JURISDICTION

A.    The parties hereto agree that this Stipulation for Settlement and its construction is governed by Kansas Law, and any suit arising as a result of this Stipulation for Settlement shall be filed in the United States District Court for the District of Kansas.

B.    The Plaintiff makes no representations or guarantees regarding the quality of any alterations, improvements, modifications, or changes of any kind whatsoever, as to whether the aforementioned comply with the Kansas state building construction standards, applicable county zoning boards regulations, or any other governing body whatsoever.

## III.    ENFORCEMENT CONSIDERATIONS.

A.    **READILY ACHIEVABLE.** The parties hereto acknowledge that the alterations and modifications agreed to by the Plaintiff, and as set forth in this Stipulation for Settlement, consist of what the parties believe to be readily achievable and technically feasible pursuant to and for the purposes of Title III of the ADA.

B.    **TIME FRAME.** The Defendant agrees to complete all alterations and modifications to the Restaurant referenced herein on or before July 1, 2010. The Defendant shall notify Plaintiff upon completion of the agreed modifications. Plaintiff shall be provided reasonable access to the Restaurant to verify

completion of the above-referenced work.

**C.**     **NON-COMPLIANCE.** In the event the alterations and modifications required hereby are not timely completed in all respects, the Plaintiff shall be entitled to seek an award for injunctive relief from the Court. The parties agree that if the Defendant has timely commenced the modifications required hereby, and have proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, etc.), and should the Defendant notify the Plaintiff of such in writing prior to the expiration of the time periods agreed to herein with supporting documentation, the time period for completion established hereby shall be extended appropriately.

**D.**     If any action or proceeding is commenced with regard to the subject matter of this Stipulation for Settlement, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

**IV.     ATTORNEYS FEES & COSTS.** The Defendant shall pay the Plaintiff's counsel, Schwartz Zweben, the sum of $5,000 within ten (10) days of the Plaintiff's execution of this Agreement.

**V.     FAILURE TO ENFORCE.** Failure by any one of the parties to enforce this entire Stipulation for Settlement or any of its provisions with regard to any deadline or any other provision contained herein shall not be construed as a waiver by that party of any right to do so.

**VI.     DISCLOSURE.**

**A.**     The signing and execution of this Stipulation for Settlement shall also constitute an agreement by the Defendant and the Plaintiff and any of their parents, subsidiaries, officers, assigns, representatives, and agents thereof that this is a public agreement. A copy of this document or any information contained in it may be made available to any person.

6

B.    The parties agree that this Stipulation for Settlement shall not be filed with the Court. Executed originals shall remain in the possession of the parties. The Plaintiff shall file the original with the Court only for enforcement purposes. The parties shall file a proposed consent decree with the Court enumerating the agreed upon modifications and finding that once said modifications and alterations have been completed by the Defendant that the Restaurant is in compliance with the requirements of Title III of the ADA to the extent readily achievable and technically feasible. In connection with said consent decree, the parties shall request the dismissal of this matter with prejudice, subject to the Court retaining jurisdiction for enforcement purposes.

**VII.    TIME IS OF THE ESSENCE.** The parties further agree that time is of the essence in all respects regarding this Stipulation of Settlement.

**VIII.    TAX CREDITS / DEDUCTION.** The Defendant acknowledges that it may be entitled to disabled access tax credits and/or deductions under 26 USCS §§ 38,44 and 46, and other sections of the Internal Revenue Code, for the architectural modifications and barrier removal performed pursuant to this Stipulation for Settlement.

**IX.    AUTHORITY AND POWER OF DEFENDANTS.** The Defendant stipulates and represents that it has the power and authority to execute and deliver this Stipulation for Settlement and to perform its obligations hereunder.

**X.    CONTINUING OBLIGATION.** Unless the subject property is closed, it is the intention of the parties that, if the subject property is sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein.

**XI.    REFERENCES.** Words and phrases used in this Agreement that have definitions provided in the ADAAG or 28 C.F.R. 36.104 shall be construed as defined in the ADAAG or 28 C.F.R. 36.104, as applicable.

**XII.    AUTHORITY TO EXECUTE.** Each party represents that each person executing this Stipulation for Settlement on its behalf has been authorized to sign on behalf of the respective party and to bind it to the terms of this Stipulation of Settlement.

7

**XIII.  COUNTERPARTS.** The parties agree that this Stipulation for Settlement and any and all other documents in connection with the settlement of this matter may be executed in counterparts and in facsimile form, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument.

**XIV.  ENTIRE AGREEMENT.** This Stipulation for Settlement, including the codes and the drawings referenced herein, constitute the entire agreement among the parties on the matters raised herein. No other statement, promise, or agreement, either written or oral, made by either party or agents of either party not contained in this written Stipulation for Settlement, shall be enforceable. If a court of competent jurisdiction concludes that any part of this Stipulation for Settlement in unenforceable, such portion shall be severed from this Stipulation for Settlement, and all other provisions shall remain enforceable.

**XV.  VOLUNTARY EXECUTION.** The parties hereby represent and acknowledge that this Stipulation for Settlement is given and executed voluntarily, and is not based upon any representation by any of the parties to another party as to the merits, legal liability, or value of any claim of the parties or any matters related thereto.

**XVI.  ACKNOWLEDGEMENT.** The parties acknowledge they have been afforded an opportunity to consider the terms and conditions of this Stipulation for Settlement, that they have read and understand the terms and conditions herein, and that they have retained counsel and have been provided with the opportunity to consult with their respective counsel prior to their execution of the Stipulation for Settlement.

**XVII. WRITTEN NOTICE.** Each notice ("Notice") provided for under this Stipulation for Settlement must comply with the requirements of this Section. Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a

8

changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The parties' addresses for providing Notices hereunder shall be as follows:

**Plaintiff:**

Edward I. Zwilling, Esq.
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama, 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2701
Email: ezwilling@szalaw.com

**Defendant:**

Alexander B. Mitchell, II
Klenda, Mitchell, Austerman & Zuercher, L.L.C.
301 N. Main, Suite 1600
Wichita, KS 67202-4816
Telephone:   (316) 267-0331
Facsimile:   (316) 267-0333
Email:        amitchell@kmazlaw.com

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

On Behalf of Plaintiff:

By: _Linda Hamilton_                          Dated: _7/30/09_
Linda Hamilton

On Behalf of Defendant:

By: _____                  Dated: _09.21.09_
Mediterranean Grill, L.L.C.

9