IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA HAMILTON,                         )
     Plaintiff,                          )
                                         )
vs.                                     )     No. 08 CV 1222-JTM-DWB
                                         )
MEDITERRANEAN GRILL, L.L.C.,            )
     Defendant.                          )
_____)

## CONSENT DECREE

A Complaint has been filed by Plaintiff for violation of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA"). The Complaint seeks injunctive relief compelling Defendant, Mediterranean Grill, L.L.C., to alter its Restaurant to make it readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA. The parties and their respective counsel, having consented to the entry of this Decree without trial or adjudication of any issue of fact or law, agreeing that such Decree is appropriate, and without this Decree constituting an admission of fact or law by any party, it is therefore, ORDERED AND ADJUDGED, and DECREED as follows:

## I.    JURISDICTION

This Court has subject jurisdiction over matter and has personal jurisdiction over the parties to this Consent Decree. The parties agree to be bound by the terms of this Consent Decree and not to contest its validity in any subsequent proceeding arising from it.

## II.    DEFINITIONS

The following definition shall apply in this Consent Decree:

A.    "ADAAG" means 28 C.F.R. Chapter 1, part 36, App. A (7-1-94).

## III.    RESPONSIBILITIES OF DEFENDANT/WORK PLAN

The Defendant agrees to make the following modifications and alterations, pursuant Appendix A to 28 CFR part 36 (hereinafter referred to as the "ADAAG") 7-1-94 Edition, at the Restaurant which is the subject of this action, Mediterranean Grill located at 335 South Towne East Drive in Wichita, Kansas (hereinafter referred to as the "Restaurant").

**A.    PARKING AND CURB RAMPS**

    i.    The Defendant shall provide or cause to be provided no less than two (2)

accessible parking spaces in the parking lot, as described in more particular detail in the following paragraphs, which shall comply with the following:

a.   The accessible parking spaces shall conform with §4.1.2(5) of Appendix A to 28 CFR part 36 (hereinafter referred to as the "ADAAG") 7-1-94 Edition.

b.   The accessible parking spaces shall be marked with appropriate signs that shall comply with §§4.6.4 and 4.30.7 of the ADAAG.  The signs shall be mounted or remounted, as necessary, so that they are visible over parked vehicles (i.e. mounted so that the bottom edge of each sign is no less than 84 inches above the ground).

c.   The ground slope at the accessible parking spaces and access aisles shall be no greater than two percent (2%) in any direction.

d.   The accessible parking spaces shall be at least eleven (11) feet wide with an adjacent five (5) foot wide striped access aisle (which may be shared between two accessible parking spaces) in accordance with §4.6 of the ADAAG and Wichita Ordinance.  No. 47-871.

e.   The accessible parking spaces shall be conspicuously outlined, in blue paint, and shall be posted and maintained with a permanent, above-grade sign bearing the international symbol of accessibility.

f.   A path of access from the accessible parking spaces to the Restaurant entrance shall be in compliance with the provisions of §§ 4.5.2, 4.3.3 and 4.1.6 of the ADAAG.  Toward that end, Defendant shall ensure there is a curb ramp that fully complies with §4.7 of the ADAAG providing access to the Restaurant's entrance from the accessible parking spaces that cannot be blocked by parked vehicles and does not require individuals with disabilities parked in the accessible parking spaces to be provided in accordance with this agreement to travel behind parked vehicles (other than their own).

ii.   Defendant shall relocate or cause to be relocated the accessible parking spaces to the north side of the Restaurant to comply with Paragraph I(A)(i)(c), above.

    iii.    Defendant shall provide or cause to be provided parking bumpers or cement wheelstops to provide a minimum 36-inch wide accessible path of travel in front of parked vehicles along the accessible route from the accessible parking spaces to the Restaurant entrance.

**B.**    **INTERIOR ISSUES**

    i.    Defendant shall equip the entry door with loop-style hardware that does not require tight grasping, pinching or twisting of the wrist to operate in compliance with §4.27.4 of the ADAAG.

    ii.    Defendant shall remove the interior entry/vestibule door.

    iii.    <u>Bar Area:</u>    Defendant shall lower a potion of the bar that is 60 inches long and not more than 34 inches in height.  In lieu of lowering a portion of the bar, Defendant may provide an accessible table within the bar area.  The accessible table shall provide clear space underneath of no less than 19 inches of depth, 30 inches of width and 27 inches of knee clearance with a tabletop which is not higher than 34 inches above the finished floor and which shall be located on an accessible route from the accessible entrance, toilet rooms and other accessible public elements in compliance with §4.32 and Figure 45 of the ADAAG.

    iv.    <u>Patio Dining:</u> Defendant shall provide an accessible threshold at the entrance to the patio dining area by ensuring that the threshold is beveled and does not exceed ½-inch in compliance with §4.13.8 of the ADAAG.

C.   **TOILET ROOMS**

  i.   Defendant shall post signage containing the international symbol of accessibility, raised characters and Braille at the men's and women's toilet rooms.  Said signage shall be posted on the nearest adjacent wall to the toilet room entrance door at a height of 60 inches above the finished floor to the centerline of the sign and shall fully comply with § 4.30 of the ADAAG.

  ii.   Defendant shall provide a lockable door that fully complies with §4.13.11(2)(b) of the ADAAG at the men's and women's toilet room entry doors.  To the extent permitted, the doors will not have closers.  If a closing device is required, then they will be equipped with spring hinges or similar device that requires the least amount of opening force possible.

  iii.   Defendant shall lower the mirror in the men's and women's toilet rooms to ensure that the lowest reflective edge is no greater than 40 inches above the finished floor in compliance with §4.19.6 of the ADAAG.

  iv.   Defendant shall ensure that the hot water and drain pipes under the lavatories in both the men's and women's toilet rooms are insulated or otherwise configured to protect against direct contact, and no sharp or abrasive surfaces shall be located or exposed under the lavatories, as prescribed by §4.19.4 of the ADAAG.

  v.   <u>Men's Toilet Room:</u>  Defendant shall remove the urinal and partitions to become a standard accessible toilet fully compliant with the ADAAG. Defendant shall ensure that the centerline of the water closet is 18 inches from the sidewall of the accessible toilet.  Defendant shall provide a 36-inch rear grab bar and a 42-inch side grab bar at the accessible water closet and shall ensure that said grab bars are mounted in compliance with Figure 30(d) of the ADAAG.

  vi.   <u>Women's Toilet Room:</u>   Defendant shall remove the toilet nearest the entrance and shall remove the remaining partition so as to be a standard accessible toilet fully compliant with the ADAAG.  Defendant shall ensure that the centerline of the water closet is 18 inches from the sidewall of the accessible toilet.  The accessible toilet shall be a minimum of 60 inches in

4

width and 56 inches deep if a wall-mounted water closet is provides and 59 inches deep if a floor-mounted water closet is provided.  Defendant shall provide a 36-inch rear grab bar and a 42-inch side grab bar at the accessible water closet and shall ensure that said grab bars are mounted in compliance with Figures 30(c) and 30(d) of the ADAAG.

## IV.   RESPONSIBILITY OF PLAINTIFF

Plaintiff's representatives shall be provided reasonable access to the Restaurant to verify completion of the above referred-to work on a date mutually agreed to by the parties.  Plaintiff shall review digital photos depicting completion of the agreed modifications which may obviate the need for a subsequent inspection.

## V.   COMPLETION

The Defendant agrees to complete all alterations and modifications to the Restaurant referenced herein on or before July 1, 2010.  The Defendant shall notify Plaintiff upon completion of the agreed modifications.  Plaintiff shall be provided reasonable access to the Restaurant to verify completion of the above-referenced work.  Defendant shall provide digital photos depicting completion of the agreed modifications to potentially obviate the need for a return inspection.

## VI.   ATTORNEY'S FEES, EXPERT WITNESS FEES AND LITIGATION EXPENSES

The Defendant shall pay the Plaintiff's counsel, Schwartz Zweben, the sum of $5,000, representing all attorney's fees, costs and expenses incurred by Plaintiff in the prosecution of this matter.  If any action or proceeding is commenced with regard to the subject matter of this Decree, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

## VII.   CONTINUING OBLIGATION

It is the intention of the parties that, if the Restaurant is sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein.

## VIII.   PARTIES BOUND

This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective officers, directors, agents, successors and assigns. The parties shall perform their

obligations under this Consent Decree in good faith.

## IX.   ADMISSIBILITY OF CONSENT DECREE

The parties have entered into this Consent Decree with the express understanding that it is the product of settlement negotiations.  The Court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

## X.   WRITTEN NOTICE

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section.  Each Notice shall be in writing and sent by depositing it with a nationally recognized overnight courier service which obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided.  Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt.  Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent.  Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof.  The parties' addresses for providing Notices hereunder shall be as follows:


**Plaintiff:**                                    **Defendant:**

Edward I. Zwilling, Esq.                 Alexander B. Mitchell, II
Schwartz Zweben, LLP                  Klenda, Mitchell, Austerman & Zuercher, L.L.C.
600 Vestavia Parkway                   301 N. Main, Suite 1600
Suite 251                                      Wichita, KS 67202-4816
Birmingham, Alabama, 35216       Telephone:    (316) 267-0331
Telephone: (205) 822-2701           Facsimile:     (316) 267-0333
Facsimile:  (205) 822-2702           Email:           amitchell@kmazlaw.com
Email:  ezwilling@szalaw.com


**DONE** and **ORDERED** this 23rd day of September, 2009.


                                                     s/ J. Thomas Marten
                                                     UNITED STATES DISTRICT JUDGE